UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW JAMES WILLIAMS,

        Plaintiff,                       Case No. 1:07-cv-424

v.                                          Honorable Richard Alan Enslen

ROBERT HILTS et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed as frivolous because it is barred by the statute of limitations.

**Discussion**

Plaintiff is incarcerated in the Pugsley Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated in the Lake County Correctional Facility (LCCF). Plaintiff sues the following LCCF employees: Sheriff Robert Hilts, Kathy Kurns, Bobby Breedlove, John Bennet and Dave Dagon.

Plaintiff's complaint concerns an incident that occurred on December 6, 2003, while he was incarcerated at LCCF. Plaintiff makes the following factual allegations in his complaint:

> On 12/6/03 John Bennet came to my cell and told me that if I don't tell him where the[y] are that I'm going to be placed in max. I told him I don't know what he is talking about. He put me in max. Kathy Kurns told me that I was on lock down until I go to prison. Lt. Dagon come and seen [sic] me and told me that I can't shower, use the phone any exercise, visit with my family. Robert Hilts allowed all of this to happen. Bobby Breedlove took my food on 4 different days. I was on lock down for 35 days with no shower, no visits, no exercise, no mail, no nothing[.] [T]he water in my cell was shut off the whole time. I was in the whole [sic] for 35 days.

(Compl., 4-5.) It appears from Plaintiff's exhibits that the events described above occurred after another prisoner at LCCF, Matthew Libby, falsely accused Plaintiff of possessing hack saw blades. Plaintiff seeks damages of $5,000 from each of the Defendants.

Plaintiff's action is barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th

Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1] Plaintiff asserts a claims arising on December 6, 2003. He had reason to know of the "harms" done to him at the time they occurred. Plaintiff, however, did not file his complaint until April 27, 2007, more than four months after Michigan's three-year limitations period expired.[2] Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936,

---

[1] 28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2] Even if the statute of limitations did not begin to run until Plaintiff was released from maximum security on January 10, 2004 (after 35 days), the complaint is untimely.

at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653, at *1 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: June 13, 2007
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).